# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**AMANDA L. DAY,**
**Claimant Below, Petitioner**

**vs.)   No.  16-0409** (BOR Appeal No. 2050909)
(Claim No. 2015008720)

**WESTSIDE PHARMACY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amanda L. Day by Reginal D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Westside Pharmacy, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 29, 2016, in which the Board reversed the October 28, 2015, Order of the Workers' Compensation Office of Judges and remanded the claim for reinstatement of the claims administrator's decision denying compensability. In its Order, the Office of Judges reversed the claims administrator's September 26, 2014, decision and ordered carpal tunnel syndrome to be held compensable. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Day, a pharmacy technician, started working for Westside Pharmacy, Inc., on August 2, 2010, and continued to work there as a pharmacy technician until June 9, 2014. On May 15, 2014, Ms. Day submitted a report of occupational injury alleging she had developed bilateral carpal tunnel syndrome as the result of her job duties. The claims administrator rejected the claim on September 26, 2014. Ms. Day's protest followed.

On March 25, 2014, Joe Othman, M.D., performed nerve conduction studies and EMGs of both upper extremities. These tests revealed severe bilateral carpal tunnel syndrome, with the

1

right worse than the left. Michael Muscari, M.D., was Ms. Day's treating physician. He first evaluated Ms. Day on May 15, 2014, for complaints related to carpal tunnel syndrome. He attributed the diagnosis to Ms. Day's job duties.

Rebecca Thaxton, M.D., performed a medical records review on September 25, 2014. In her opinion, the medical information did not support a diagnosis of work-related carpal tunnel syndrome. She noted that Ms. Day did not work from June 9, 2014, through September 9, 2014, due to unrelated reasons. During that time, Ms. Day reported her symptoms increased. If the carpal tunnel syndrome was work-related, the symptoms should have decreased during that time in Dr. Thaxton's opinion.

Prasadarao B. Mukkamala, M.D., performed an independent medical evaluation on November 11, 2014. Ms. Day told Dr. Mukkamala the pain and numbness in both wrists started prior to June 20, 2012. The symptoms increased around that date as she was pregnant and they continued to worsen. Ms. Day told Dr. Mukkamala that her job duties included typing, counting pills, and constant repetitive use of her hands and arms. In Dr. Mukkamala's opinion, the bilateral carpal tunnel syndrome was not causally related to Ms. Day's work as a pharmacy technician as her work activities did not involve the degree of repetition or the degree of force required to cause carpal tunnel syndrome. Dr. Mukkamala opined that the fact that Ms. Day's symptoms increased during the three months she did not work further confirmed the fact that the carpal tunnel syndrome was not related to the work activities.

The Office of Judges reversed the claims administrator's decision on October 28, 2015, and ordered the claim be held compensable for bilateral carpal tunnel syndrome. In doing so, the Office of Judges relied on the medical opinion of Dr. Muscari and the testimony Ms. Day provided via her affidavit. The Office of Judges rejected the opinions of Dr. Thaxton and Dr. Mukkamala, both of whom opined the carpal tunnel syndrome was not work related.

Dr. Muscari opined that the bilateral carpal tunnel syndrome was due to the repetitive motions Ms. Day performed as a pharmacy technician. He attributed the development of the carpal tunnel syndrome to the typing, writing, computer work, and medication counting she did at work. In her affidavit, Ms. Day stated that her work required her to constantly use her hands eight hours a day or more. The Office of Judges found this testimony, along with the number of years she had worked for the employer and the opinion of Dr. Muscari persuasive.

In its March 29, 2016, decision, the Board of Review adopted the findings of fact of the Office of Judges but found its conclusions of law were clearly wrong. The Board of Review reversed and vacated the Office of Judges' Order and reinstated the September 26, 2014, decision of the claims administrator rejecting the claim. The Board of Review found that the employer's rights were substantially prejudiced by the Office of Judges. It noted that Dr. Thaxton relied on West Virginia Code of State Rules §20.41.5 (2006), which provides that clerical work does not place one at increased risk of the development of carpal tunnel syndrome. Dr. Thaxton also opined that the fact that Ms. Day's symptoms did not resolve while she was off of work for three months tended to support the fact that the condition was not work-related. Dr. Mukkamala did not believe the work activities involved the degree of repetition or the degree of

2

force required to cause carpal tunnel syndrome. He also believed the fact that Ms. Day's symptoms became worse while she was off of work for an extended period of time tended to prove the condition was not work-related. Both Drs. Thaxton and Mukkamala opined Ms. Day's weight put her at higher risk for developing carpal tunnel syndrome.

The Board of Review determined Ms. Day's job duties did not fall into the high risk categories for the development of carpal tunnel syndrome. It also determined that Ms. Day's medical history included factors that could precipitate carpal tunnel syndrome. It therefore found that the preponderance of the evidence demonstrated that the carpal tunnel syndrome was not related to her job as a pharmacy technician.

After review, we agree with the Board of Review. Ms. Day's position as a pharmacy technician required her to perform a number of repetitive tasks. However, the repetition did not rise to the level that would place her job in a high risk category for the development of carpal tunnel syndrome. Additionally, she did not work an extraordinary number of hours, nor did she use vibratory tools. Drs. Thaxton and Mukkamala's opinions regarding the increasing severity of Ms. Day's symptoms while she was off of work are persuasive.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker